IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDALL DEWIGHT SHINE, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 2:18-cv-867-LSC-SRW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is federal prisoner Kendall Dewight Shine's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.[1]

## I. BACKGROUND

In March 2017, a federal grand jury in the Middle District of Alabama returned an indictment charging Shine with one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 1. Shine pled not guilty at arraignment and later moved to suppress statements he made to police after the traffic stop of the vehicle he was driving. Crim Docs. 6, 32, 36. On January 5, 2018, following an evidentiary hearing, the district court granted Shine's motion to suppress his un-*Mirandized* roadside statements to officers but denied his motion to suppress statements he made to officers after he was *Mirandized* and questioned at the police station. Crim Docs. 97, 129.

---

[1] References to document numbers of the pleadings, motions, and other materials in the Court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." References to document numbers assigned by the Clerk in the underlying criminal case (Crim. Case No. 2:17-cr-102) are designated as "Crim. Doc." Pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

Two weeks later, on January 19, 2018, Shine appeared before this Court and pled guilty to the felon-in-possession charge in the indictment. Doc. 12-3. At the change of plea hearing, it was established that Shine's plea was being entered unconditionally and without a plea agreement because the government was unwilling to agree to any conditions on the plea. *Id*. at 2. On May 17, 2018, the district court sentenced Shine to 85 months in prison.[2] Doc. 12-6. Shine did not appeal.

On October 9, 2018, Shine, proceeding *pro se*, filed this § 2255 motion presenting claims that (1) the district court erred in failing to award him an additional one-level reduction in his offense level under U.S.S.G. § 3E1.1(b) for timely notifying authorities of his intention to plead guilty, and (2) his counsel was ineffective for failing to file an appeal on his behalf. Doc. 1 at 4–8.

For the reasons discussed below, the Court finds that Shine's § 2255 motion should be denied without an evidentiary hearing and that this action should be dismissed with prejudice.

## II. DISCUSSION

**A.   General Standard of Review**

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution

---

[2] The initial version of Shine's presentence investigation report ("PSR") recommended that Shine be sentenced under the Armed Career Criminal Act ("ACCA"), which carries a mandatory minimum term of 15 years in prison, based on his having three or more prior convictions for serious drug offenses. 18 U.S.C § 922(e). Crim Doc. 126 at 7–8 (para. 30–32), 16. However, at the time of sentencing, the government had not obtained the necessary documentation required under *Shepard v. United States*, 544 U.S. 13 (2005), to prove the prior convictions, so the ACCA, with its mandatory minimum, was not applied to Shine's sentence. Doc. 12-6 at 12.

or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000*); United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

**B.     Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel must be evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is "highly deferential," and the court indulges a "strong presumption" that counsel's performance was reasonable. *Chandler,* 218 F.3d at 1314 (internal quotation marks omitted). The court will "avoid second-guessing counsel's performance:  It does not follow that any counsel who takes an approach [the court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." *Id.*

As noted, under the prejudice component of *Strickland,* a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. *See Lockhart v. Fretwell,* 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective."). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372.

Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id.* at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

### 1.   *Failure to Award One-Level Reduction under U.S.S.G § 3E1.1(b)*

Shine claims that the district court erred in failing to award him an additional one-level reduction in his offense level under U.S.S.G. § 3E1.1(b) for timely notifying authorities of his intention to plead guilty. Doc. 1 at 4–5.

Under U.S.S.G. § 3E1.1(**a**), a defendant who "clearly demonstrates acceptance of responsibility for his own offense" is entitled to have his offense level decreased by two levels. U.S.S.G. § 3E1.1(a). Under § 3E1.1(**b**), a defendant who "upon motion of the

4

government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently," may have his offense level decreased by one additional level. U.S.S.G. § 3E1.1(b).

At Shine's sentencing, the district court found that Shine was entitled to a two-level reduction under § 3E1.1(a) and reduced his calculated guidelines offense level accordingly. Doc. 12-6 at 6–8. However, at sentencing, counsel for the government expressly declined to move for an additional one-level reduction under § 3E1.1(b), explaining that:

> [Shine's counsel] claims that the defendant was willing to accept responsibility from the front end of this case. The case was indicted in March of 2017. Since then, we've had two hearings on the motion to suppress and we've also had an oral argument. And that's why the government is not moving for the third—for the third level for acceptance of responsibility.

Doc. 12-6 at 6. The district court did not award Shine a one-level § 3E1.1(b) reduction.

A § 3E1.1(b) reduction "may only be granted upon a formal motion by the Government." *United States v. Joseph*, 559 F. App'x 928, 929–30 (11th Cir. 2014) (quoting U.S.S.G. § 3E1.1(b), cmt. n.6); *see United States v. Rodriguez*, 762 F. App'x 938, 943 (11th Cir. 2019). Here, Shine did not file a notice of intent to plead guilty before putting the government to the task of defending vigorously against his suppression motion. In similar circumstances, the Eleventh Circuit has affirmed the withholding of the one-level § 3E1.1(b) reduction where a defendant's suppression motion required the government to allocate resources it would not have had to allocate if the defendant had pleaded guilty "outright." *See United States v. Membrides,* 570 F. App'x 859, 860–61 (11th Cir. 2014). And, while the Eleventh Circuit has not yet conclusively decided under what circumstances

5

the government's decision not to file a § 3E1.1(b) motion is reviewable, that Circuit, in the related context of government motions under U.S.S.G. § 5K1.1 for the substantial assistance the defendant provided, has held it will review the government's decision not to file such a motion only for unconstitutional motive. *United States v. Gunn*, 215 F. App'x 785, 791 (11th Cir. 2007). *See United States v. Nealy*, 232 F.3d 825, 831 (11th Cir. 2000); *United States v. Stephens*, 387 F. App'x 943, 944–45 (11th Cir. 2010).

Here, the government did not file a § 3E1.1(b) motion, which, under the language of the guideline, is a prerequisite for an additional reduction. *Joseph*, 559 F. App'x at 929–30; U.S.S.G. § 3E1.1(b), cmt. n.6. Shine does not show that the government's decision not to file such a motion was based on an unconstitutional motive. *Gunn*, 215 F. App'x at 791. And the government indicated that it opted not to file a § 3E1.1(b) motion because it had to defend vigorously against Shine's suppression motion, a reason that the Eleventh Circuit has recognized as a valid basis for declining to file a § 3E1.1(b) motion. *Membrides,* 570 F. App'x at 860–61. Consequently, Shine has not shown that the district court erred in failing to award him an additional one-level reduction under § 3E1.1(b), and Shine is entitled to no relief on this claim.[3]

### 2. Counsel's Failure to File Appeal

---

[3] The government correctly observes that Shine's claim is also procedurally defaulted because he failed to raise it on direct appeal. Doc. 12 at 7 n.3; *see, e.g., Mills v. United States*, 36 F.3d 1052, 1055–56 (11th Cir. 1994). The government states that, despite Shine's default, it addresses the merits of Shine's claim because Shine also presents a claim that his counsel was ineffective for failing to file an appeal. Doc. 12 at 7 n.3. A meritorious claim of ineffective assistance of counsel may provide cause excusing a procedural default. *Greene v. United States*, 880 F.2d 1299, 1305 (11th Cir. 1989). For the same reason that the government addressed the merits of Shine's claim regarding a § 3E1.1(b) reduction, this Court has addressed the merits of the claim.

Shine contends that his counsel rendered ineffective assistance by failing to file an appeal on his behalf. Doc. 2 at 9–13.

In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that the two-part *Strickland* test applies to determine whether counsel was ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. Regarding the first part of *Strickland*— whether counsel's representation fell below an objective standard of reasonableness—the Supreme Court held that "an attorney who fails to file an appeal on behalf of a client who specifically requests it acts in a professionally unreasonable manner per se." *Gomez-Diaz v. United States*, 433 F.3d 788, 791–92 (11th Cir. 2005) (citing *Flores-Ortega*, 528 U.S. at 477). Thus, in such cases, prejudice is presumed, and the petitioner is entitled to a new appeal with no further showing. *Flores-Ortega*, 528 at 483 ("The . . . denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, . . . demands a presumption of prejudice.").

In alleging ineffective assistance of counsel in his § 2255 motion, Shine does not state that he specifically asked his counsel to file an appeal after his sentencing. Instead, he appears to take issue with what he says was his counsel's "off record" advice (which he characterizes as "misinformation"), after the district court's denial of his suppression motion, that appealing the district court's order denying his suppression motion would "upset" the district court and the prosecutor and "cause him to suffer a more severe penalty and a much longer prison sentence." Doc. 1 at 7. Again, Shine does not contend that, despite counsel's advice, he nevertheless told counsel—at that time or later—that he wished to file an appeal.

In affidavits filed with this Court, Shine's former counsel Christine Freeman and Mackenzie S. Lund, both experienced attorneys with the Office of the Federal Defender for the Middle District of Alabama, aver that on May 18, 2018 (the day after Shine's sentencing), Freeman[4] sent Shine a letter notifying him of his right to appeal and that, to their knowledge, "Mr. Shine did not respond to this correspondence or notify [Freeman] or [her] office at any time that he wanted to file a direct appeal." Doc. 10 at 1; Doc. 11 at 2. Shine does not deny the averments of Freeman and Lund in their affidavits or explain why he did not contact their office asking that an appeal be filed after receiving Freeman's letter.

Here, Shine's allegations fail to show that he asked his counsel to file an appeal after sentencing. Shine's assertion of ineffective assistance of counsel is based on his dissatisfaction with his counsel's advice against appealing after the district court's denial of his suppression motion. But Shine does not state that he instructed counsel to appeal after counsel allegedly advised him against appealing the district court's order on his suppression motion. The unrebutted affidavits of Shine's former lawyers reflect that Shine did not respond to the letter from attorney Freeman advising him of his appeal rights. The district court also advised Shine of those appeal rights at the conclusion of his sentencing hearing. Doc. 12-6 at 14. Because Shine does not demonstrate that he made a specific request of his counsel to file an appeal, his counsel did not perform deficiently by ignoring instructions to file an appeal.

Even if a client has not made a specific request of counsel to file an appeal, counsel generally must "consult with the defendant about an appeal when there is reason to think

---

[4] Freeman was present in court with Shine during both his change of plea hearing and his sentencing hearing.

8

either (1) that a rational defendant in the defendant's position would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Flores-Ortega*, 528 U.S. at 480; *see also, e.g., Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007). Here, Shine fails to show that there were nonfrivolous grounds upon which he might have appealed in his case. As for any demonstrated interest in appealing, the affidavits of Shine's formers lawyers reflect that Shine did not respond to counsel's post-sentencing letter advising him of his appeal rights, and Shine points to no statements he made to counsel after sentencing that might have "reasonably demonstrated" his interest in appealing. Because Shine shows neither nonfrivolous grounds for an appeal nor a reasonably demonstrated interest in appealing, he fails to establish deficient performance by his counsel in failing to file an appeal.

Because the allegations in Shine's § 2255 motion, considered in light of the record, fail to create a genuine issue of fact on whether Shine made a specific request of his counsel to file an appeal, or that there were nonfrivolous grounds for an appeal, or that counsel ignored Shine's demonstrated interest in appealing, the Court finds that it is unnecessary to conduct an evidentiary hearing to resolve Shine's claim of ineffective assistance of counsel. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Shine's failure to demonstrate deficient performance by counsel for failing to file an appeal forecloses relief on this claim.

### III. CONCUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Shine be DENIED and that this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **February 3, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE, on this the 19th day of January, 2022.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge